FITZGERALD *v.* CUMMINGS & MEDARIS, Adm'rs, *et als.*

1. DEMURRER. *Must specifically state objections.* Demurrers shall state the objections relied on and no others can be looked to, and this is so in pleadings in equity as well as at law.

2. LIS PENDENS. *Effect of.* It is a settled rule of law, that he who purchases during the pendency of a suit is held bound by the decree that may be made against the person from whom he derives his title, but this rule does not apply to one who purchases from a person not a party to a suit. He may maintain a bill to remove cloud caused by the decree.

### FROM KNOX.

Appeal from the Chancery Court at Knoxville. O. P. TEMPLE, Ch.

HENDERSON & JOUROLMAN for complainant.

M. L. HALL, WEBB and PROSSER for defendants.

Fitzgerald *v.* Cummings & Medaris.

FREEMAN, J., delivered the opinion of the court.

The questions to be decided in this case arises on the following state of facts: D. H. Cummings bought, in 1862, a tract of land of one hundred acres from Samuel Morrow, for which he gave three notes, each for $666⅔. He took a title bond for said land. Defendant Armstrong was a witness attesting this title bond. Before this purchase by Cummings, Morrow had mortgaged a tract of one hundred and forty-five acres to Armstrong, and the mortgage regularly registered, to secure $2,500. This mortgage included the one hundred acre tract sold by Morrow to Cummings, it being part of the one hundred acre tract. Morrow in May, 1865, sold the one hundred acres to Samuel McCarthy, for $1,800, paid $812 cash, gave his note for $987, payable when Cummings could make him a good title. Cummings transferred his title bond to McCarthy. In 1867, McCarthy filed his bill against Cummings *et als.*, charging that Cummings could not make him a title, asking for an account of money paid, and cancellation of his note for $987—in a word, to rescind. This suit was compromised, and for satisfactory consideration McCarthy dismissed his bill, and surrendered to the heirs of Morrow, (who was then dead), the title bond of their ancestor given to Cummings.

D. H. Cummings filed his bill in 1867, against McCarthy and the administrator of Morrow, together with his heirs, charging these facts, and the additional fact, that he had paid most of the two last notes for $666⅔

each—but the same were alleged by Morrow's representative to be lost—but that he was ready to pay balance due on them—asked for an account to ascertain the amount due on them to the estate of Morrow, and they be cancelled or enjoined. He further prayed that the compromise between McCarthy and Morrow's heirs be set aside, and the tract of land be held subject to the payment of the note for $987, or if that could not be done, then a decree against McCarthy for the amount. On the 31st of October, 1869, Cummings filed an amended bill, making Armstrong, the mortgagee, and one J. Philips, parties. In this he charged that two of the notes for $666⅔, given to Morrow (the last two), were in the hands of said Philips, as owner, and were subject to all equities against them in his hands; and that at the time of the compromise between the representatives of Morrow and McCarthy, it was agreed that the former should pay Cummings the note from McCarthy to him for $987, or so much as might be due, after deducting the amount due from Cummings to Morrow's estate, on the notes originally given for the land. The facts were also charged as to Armstrong's mortgage being in existence before the sale of land by Morrow to him, and Armstrong was setting up some claim to the land under the same, but insisted he was estopped by reason of having signed the bond as a subscribing witness. He prayed that Philips be enjoined from enforcing the notes. Philips answered, disclaiming ownership of the notes himself, but that he held them as administrator of M. L. Philips, deceased.

D. H. Cummings, Samuel McCarthy, and J. Philips died during pendency of this suit, and it was revived in the name of Anna Cummings and Medaris, administrator of said D. H., and in name of G. W. Graham, administrator *de bonis non* of M. L. Philips, and against the heirs of Samuel McCarthy. Graham, administrator of M. L. Philips, filed a cross bill against the representatives of Cummings, claiming to own the two $666⅔ notes, given by Cummings, with Robert Campbell as surety, and that his intestate was owner for value before due, having purchased them from Morrow. After answer and some proof, the Chancellor decreed on the above case, that the administrators of Cummings were entitled to a lien on the land for payment of the $987, and were entitled to recover of the heirs of McCarthy, and decreed in favor of the administrators for the sum of $1,557, and ordered the land sold for this decree. He also decreed that Graham, administrator of M. L. Philips, was entitled to recover of the said representatives the sum of $2,340—the amount due on the $666⅔ notes given by Cummings. to Morrow.

Complainant files this bill to enjoin the sale, and have the same reviewed and reversed, or enjoined, and declared a cloud on his title, on the following state of facts. The estate of Morrow was declared insolvent, and a bill filed to sell the land in that proceeding, the debt due by mortgage to Armstrong being one of the debts. In July, 1867, a sale was ordered, and in January, 1869, it was sold, he becoming purchaser, at $3,600, out of which Armstrong's debt was paid;

that he had paid all the money due, it was a fair price, and he bought without notice, etc. He insists that no lien rightfully exists in favor of Cummings on the note for $987, and it having been decreed that McCarthy's heirs should pay this debt, it could not be satisfied properly out of the land. He insists also that Armstrong was not estopped by the facts stated, from setting up his mortgage, and he was entitled at any rate to be subrogated to his rights under the same, his money paid for the land having been applied to its discharge under the insolvent proceedings.

A demurrer is filed by Medaris and Anna Cummings, representatives of D. H. Cummings, deceased, containing ten specifications. We give the point made, or sought to be raised in each.

1st. That the land was purchased under insolvent proceedings in the matter of Morrow's estate, to which respondents were not parties—remedy of complainant, (if any), therefore against administrator of Morrow or heirs. This has no bearing on the case whatever, as far as we can see.

2d. Purchased under proceedings commenced after pending suit by Cummings, therefore proceedings under which he bought void, and could not affect their right to lien for purchase money. We do not see that this raises any question on the allegations of the bill, as it is not claimed that the insolvent proceedings affected the suit of Cummings in any way. We add, the third ground has nothing in it, simply averring the insolvent suit was not to enforce Morrow's lien on the land. Nor has the 4th ground anything to reach the

equities of the bill—it only. saying that the rule *caveat emptor* applies with peculiar force in this case—how, is not shown.

The 5th specification is substantially an averment of *lis pendens*, by the suit of Cummings, commenced July 5th, 1867, while the insolvent suit of Morrow's representative was commenced the 15th of July after, and that complainant had notice in law of this suit and failed to make himself party to it; that the decree in the case was final, and has not been appealed from or in any way sought to be vacated by the parties to it; therefore complainant is barred by it, and cannot attack said decree either directly or collaterally.

The sixth and seventh specifications need not be noticed. The eighth goes on the idea, that no discovery of new matter is shown, nor due diligence used to discover such, if it existed, nor leave of court obtained to file bill for this cause. Nothing material in this—no discovery of new matter being alleged in the bill as ground of relief in the sense of the law.

The ninth is substantially, that complainant bought after filing bill, and is guilty of laches, in not making himself party to Cummings' bill, and having so purchased, is entitled to no relief as against the representatives of Cummings.

The tenth and last specification is a summary of the facts of the case, a claim that they show that Cummings was entitled to enforce a vendor's lien against the one hundred acres of land, and complainant not having paid or tendered the amount due, can have no relief by reason of such failure. We do not under-

stand that complainant claims any right to pay or discharge the $987 note, and thus relieve his land from respondent's claim; therefore, this specification goes for nothing.

By section 2934 of the Code, it is enacted that "Demurrers for formal defects are abolished, and those only for *substantial* defects allowed. All demurrers shall state the objections relied on." In *Kirkman & Ellis* v. *Snodgrass*, 3 Head, 372, it was settled the rule applies to pleadings in a court of equity as well as at law. All demurrers being required to *state* the objection relied on, as we have held, no others can be looked to, under such a demurrer, or as arising under it, except what is stated. Under this view we held, that at law, a demurrer did not search the record, and go back to the first error in pleading in a case at law, as was the rule at common law.

In this view of this demurrer, there is nothing in any of the causes stated, unless it be the fifth, which go to any equity claimed or asserted in the bill, and this only need be noticed. The bill goes on the idea, that complainant is a purchaser who has paid his money for the land, has obtained a deed from the clerk and master in the insolvent proceedings; and as such has the right, in the first place, to file a bill of review for errors on face of the decree, or at any rate, one in the nature of a bill of review, to have the decree in the Cummings case reviewed or vacated for errors on the face of the decree.

In the second place, if this cannot be done, he is entitled to have the proceedings declared a cloud on

his title, and the sale enjoined; and if nothing else, and his title fails, then to be substituted to the rights of Armstrong under the mortgage, because paid by him or by the purchase money paid by him, in the matter of Morrow's insolvent estate. The fifth specification, liberally construed in favor of the pleader, (as is proper) raises the question, whether a party purchasing land during the pendency of a suit, in a court of record, can attack the decree therein made, either directly or collaterally—that is, the validity or rather correctness of the decree, and ask it to be reviewed or reversed. The point of the objection is, that the party is bound by the decree made in the case, by the doctrine of *lis pendens,* and his title stands as if never obtained, so far as the decree is concerned. It is settled law, that "he who purchases during the pendency of a suit, is held bound by the decree that may be made against the person *from whom he derives his title.* The effect of this doctrine is, not to amend the conveyance, but only to render it subservient to the rights of the parties litigant." Story Eq. J., vol. 1, 406; L. C. in Eq., vol. 2, s. p., 191. This statement of the doctrine confines the application of the rule to a decree made against the person or party from whom the purchaser buys, or obtains or derives his title. The original bill in this case of Cummings did not seek, nor was any decree made against Morrow or his heirs. It sought a decree against the heirs of McCarthy, and to have the land sold to McCarthy, subjected to the $987. The complainant claims no title from McCarthy, or his heirs. His title is derived from Morrow's heirs,

under the proceedings to sell the land in payment of debts in the insolvent proceedings; and so they might not be precluded by this decree, but may stand on the strength of the title thus obtained. Whether it is better than Cummings' administrator's right to sell McCarthy's equity, we need not at present decide, as the facts appear too imperfectly for us to make a final decision on demurrer. Suffice it to say, that we do not see that complainant's title is necessarily bound by the decree made against McCarthy. They derive no title from him, either before or during the pendency of the suit to enforce the lien against his heirs on the land. We, however, throw out the above view by way of suggestion, as we are clear the bill cannot be sustained as a bill of review.

As a bill of review, this is a direct attack on the decree, and we hold it clear that in no aspect of the case, can the party file such a bill to impeach the decree. The rule is thus laid down by Mr. Justice Story, Eq. Pl., sec. 409: "No person, except the parties and privies in representation, such as heirs, executors and administrators, can have a bill of review, strictly so called." So that in this aspect of the case, the demurrer is well taken, and should have been sustained; and this not upon the ground of *lis pendens*, but because the party is not entitled to attack the decree directly by such a bill.

But on the other aspects of the bill, that is, a bill to remove a cloud from title and to be substituted to Armstrong's rights under the mortgage, or to get the benefit of his payment of said mortgage by force of

the proceedings in the insolvent case, the bill is not met by any specification in the demurrer, and therefore is not answered by it.    In one aspect of it, it may be that it is sustainable, or will be on full investigation, though we do not definitely decide this; that is, if the decree be susceptible on its face of the construction, that it only orders the sale of McCarthy's right or equity in the land and no more, then it might not reach complainant's legal title, or it may be, that the compromise made in the McCarthy bill will be shown to be one to which Cummings himself was a party. If so, he might be bound by it, and have no right as against the title of complainant with the legal title of Morrow's heirs, but be compelled to look to, what is hinted at in the bill, a promise on the part of Morrow's representatives to pay the $987 note.    We do not decide, as we say, how this is definitely, as the case is not before us on the facts in the demurrer on these aspects of the case, nor do we decide upon the right of substitution to Armstrong's mortgage, that question not being raised in such form as to call for our decision.

In dismissing the bill as a bill of review, we may also dismiss it as to Graham, administrator *de bonis non* of M. L. Philips, who is clearly not a necessary party to any relief to be had in the other aspects of the bill, and was a proper party only for conformity, treating the bill as a bill of review.    Relief is sought against the enforcement of the decree giving a lien on the land in favor of Cummings' administrator, and ordering a sale.    We do not think proper to dismiss

Fitzgerald v. Cummings & Medaris.

the bill as to Armstrong, though it is probable he may not be a necessary party and no relief is sought against him; yet we ought not to dismiss as to him in advance, as he may possibly be required on the question of substitution, and the validity of the mortgage. The complainant will proceed against him in this view at his peril of costs in so doing. As a matter of course, complainant may make any needed and proper amendments to his bill in the court below, in order fully to present his equities.

The result is, with the modifications herein indicated, the decree will be affirmed. Costs of this court will be paid one-half by each party, that is the complainant and administrators of Cummings, and of the court below by complainant, as to Graham administrator of M. L. Philips. The case is remanded for further proceedings.